UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY         )
COMMISSION,                          )
                                     )
        Plaintiff,                   )        CIVIL ACTION NO.
vs.                                  )          6:09-cv-1673-orl-31DAB
                                     )        COMPLAINT
HILTON GRAND VACATIONS COMPANY,      )
LLC,                                 )        JURY TRIAL DEMANDED
                                     )        INJUNCTIVE RELIEF SOUGHT
        Defendant.                   )
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the

Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct

unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief

to Andrea Morrison who was adversely affected by such practices. As alleged with greater

specificity below, the Equal Employment Opportunity Commission charges that Defendant

Hilton Grand Vacations Company, LLC subjected Morrison to sex discrimination when it

refused to hire her because of pregnancy.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA 1991").

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3.       Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.       At all relevant times, Defendant, Hilton Grand Vacations Company, LLC, has continuously been a Florida Corporation doing business in the State of Florida, Orange County, and has continuously had at least 15 employees.

5.       At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.       More than thirty days prior to the institution of this lawsuit, Andrea Morrison filed a charge with the Commission alleging that Defendant violated Title VII.

7.       All conditions precedent to the institution of this lawsuit have been fulfilled.

8.       Since at least August 2007, Defendant has engaged in unlawful employment practices at its Orlando, Florida facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as follows:

(a)       Andrea Morrison began working for Defendant as a Recruiter in July of 2007.

2

(b)     During the course of Morrison's employment, Morrison advised Defendant that she was pregnant. Further, Morrison advised Defendant that, due to a medical condition related to pregnancy, her doctor had recommended work restrictions.

(c)     After Morrison advised Defendant of her pregnancy, and **of** her pregnancy related medical condition, Defendant persuaded Morrison to resign her employment in exchange for Defendant's promise that it would rehire Morrison after she gave birth to her baby. Accordingly, Morrison resigned her employment with Defendant in August 2007.

(d)     After Morrison resigned, she sought employment with Defendant again but Defendant did not hire her. More specifically, Morrison contacted Defendant after the birth of her baby seeking the position that Defendant promised to her before she resigned. Defendant did not hire Morrison for that position.

(e)     Defendant furthermore denied Morrison employment for additional positions, including but not limited to the following positions: Assistant Recruiter, Human Resources Assistant Director, Outbound Vacations Advisor, Owner's Program Advisor, Human Resources Manager, and Talent Acquisition Manager.

(f)     Morrison was qualified for employment with Defendant, but Defendant did not hire Morrison. Instead, Defendant hired less qualified individuals.

(g)     Defendant filled the positions that Morrison sought with persons outside Morrison's protected category, that is, those who were either not pregnant, had not disclosed to Defendant a pregnancy, and/or had not disclosed to Defendant a pregnancy related medical condition.

3

(h)     The persons whom Defendant hired instead of Morrison were not better qualified

than Morrison for the positions.  Defendant's reason/s for not hiring Morrison for

those positions constitutes a pretext for discrimination based on pregnancy.

9.     The effect of the practice(s) complained of in paragraph 8 above has been to

deprive Morrison of equal employment opportunities and otherwise adversely affect her

status as an application for employment, because of her sex.

10.    The unlawful employment practices complained of in paragraph 8 above were

intentional.

11.    The unlawful employment practices complained of in paragraph 8 above were

done with malice or with reckless indifference to the federally protected rights of Morrison.

PRAYER FOR RELIF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with them, from engaging

in sex discrimination and, more specifically, discrimination based on pregnancy.

B.     Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for pregnant women, and which eradicate the effects of

its past and present unlawful employment practices.

C.     Order Defendant to make whole Morrison, by providing appropriate backpay with

prejudgment interest, in amounts to be determined at trial, and other affirmative relief, necessary

to eradicate the effects of its unlawful employment practices, including but not limited to

reinstatement, instatement, or, in lieu thereof, front pay.

D.     Order Defendant to make whole Morrison by providing compensation for past

and future pecuniary losses resulting from the unlawful employment practices described in

4

paragraph 8 above, including job search expenses or medical expenses, in amounts to be determined at trial.

      E.      Order Defendant to make whole Morrison by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including, but not limited to emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

      F.      Order Defendant to pay Morrison punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

MICHAEL J. O'BRIEN
Acting Regional Attorney

MARIA KATE BOEHRINGER
Supervisory Trial Attorney
Florida Bar No. 0041157
Miami District Office
2 Biscayne Blvd., Ste. 2700
Miami, Florida 33131
Telephone:    (305) 808-1790
Facsimile:    (305) 808-1835
Email: kaleb.kasperson@eeoc.gov